IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY G. LEEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-130J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for disability insurance benefits and supplemental security income on February 27, 2004, alleging a disability onset date of August 6, 2003, due to two cracked vertebrae, bulging discs in the neck, nerve damage in the back, attention deficit hyperactivity disorder and an inability to read or write. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on April 19, 2005, at which plaintiff, represented by counsel, appeared and testified. On July 15, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On April 14, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of his alleged onset date and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has an eleventh grade special education, which is classified as limited. He has past relevant work experience as a carpet installer, construction laborer, patio door builder, and shoe cleaner, but has not engaged in any substantial gainful activity since his alleged onset date.

For purposes of plaintiff's Title II application, plaintiff met the disability insured status requirements of the Act on his alleged onset date and acquired sufficient quarters of coverage to remain insured at least through the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of chronic colitis, chronic obstructive pulmonary disorder/bronchitis, degenerative joint disease and degenerative disc disease of the cervical and lumbar spine with muscle spasms, fibromyalgia and migraines, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of her impairments. (R. 32). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including product inspector, final assembler, and ampoule sealer. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy.

Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Here, plaintiff raises a pair of challenges to the ALJ's findings: (1) the ALJ erred in denying plaintiff's claim for benefits based on the severe impairment of fibromyalgia merely because of the lack of objective medical findings; and, (2) the ALJ erred in rejecting medical source opinion evidence merely because those opinions were rendered in the context of plaintiff's eligibility for public assistance benefits. Upon review, the court is satisfied that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff first argues that the ALJ erred in evaluating the effects of plaintiff's fibromyalgia. Specifically, he argues that allegations of disabling pain resulting from that condition cannot be rejected merely on the lack of objective medical findings. The court finds plaintiff's argument unpersuasive.

Initially, the court is in agreement with plaintiff that, in evaluating fibromyalgia, it clearly would have been improper for the ALJ to make a negative credibility determination solely due to the absence of "objective laboratory findings." The only symptoms of fibromyalgia are a history of widespread pain and pain in eleven of eighteen tender point sites on digital palpitation. American College of Rheumotology, 1990 Criteria for the Classification of Fibromyalgia. Fibromyalgia is "recognized by the typical pattern of diffuse fibromyalgia and nonrheumatic symptoms (e.g. [sic], poor sleep, anxiety, fatigue, irritable bowel symptoms), by exclusion of significant contributory or underlying diseases (e.g. [sic], generalized osteoarthritis, RA,

polymyositis, polymyalgia rheumatica, other connective tissue disease), and by exclusion of psychogenic muscle pain and spasm." Merck Manual at p. 481.

As several courts have recognized, there are no laboratory tests for the presence or severity of fibromyalgia, and the disease can only be diagnosed by elimination of other medical conditions which may manifest like symptoms of musculoskeletal pain, stiffness, and fatigue. See, e.g., Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996) ("There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness ... and multiple tender spots, more precisely 18 fixed locations on the body ... that when pressed firmly cause the patient to flinch."); Preston v. Secretary of Health and Human Services, 854 F.2d 815, 819 (6th Cir. 1988) ("There are no objective tests which can conclusively confirm [fibromyalgia], rather it is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness.").

Thus, because of the unavailability of objective clinical tests to confirm a diagnosis, fibromyalgia poses unique difficulties in the social security context. However, in this case, contrary to plaintiff's contention, the court is satisfied that the ALJ did not base his finding of not disabled solely on the lack of objective findings to support a diagnosis of fibromyalgia. In fact, the ALJ expressly found that plaintiff's fibromyalgia is a severe impairment. However, after considering

all of the evidence of record, including the medical evidence and plaintiff's allegations of pain, and evaluating that evidence under the appropriate standards, the ALJ concluded that plaintiff's allegations of debilitating pain arising from fibromyalgia were not supported by the record and were not entirely credible.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Here, the ALJ concluded that plaintiff's subjective complaints of totally disabling pain and limitations are inconsistent with both his self-reported activities of daily living and with the clinical and objective medical findings of record. (R. 21-22). In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for this credibility determination in her decision. That finding is supported by substantial evidence.

The court has reviewed the record and is satisfied that the ALJ's finding that plaintiff's fibromyalgia, alone or in combination with plaintiff's other impairments, is not disabling is supported by substantial evidence in the record. The ALJ

thoroughly explained in his decision why he believes the evidence of record does not support a finding of totally disabling symptomatology. (R. 26-29). He applied the proper standards in analyzing the medical evidence and in evaluating plaintiff's subjective complaints of pain. The court believes that the ALJ has cited such "relevant evidence as a reasonable mind might accept as adequate" to conclude that plaintiff's severe impairment of fibromyalgia with its resulting physical limitations, in combination with plaintiff's other impairments, is not disabling.

Plaintiff's only other challenge to the ALJ's decision is that the ALJ erred in rejecting two medical source opinions from suggesting that plaintiff is temporarily disabled solely because those opinions were rendered in the context of plaintiff's application for public assistance benefits from the Pennsylvania Department of Public Welfare. This argument likewise is unavailing.

The record in this case contains two assessment forms completed for the purpose of plaintiff's attempt to obtain state welfare benefits. In February of 2004, Dr. Molter examined plaintiff and indicated on an assessment form that plaintiff was "temporarily disabled" from August 6, 2003, through July 1, 2004. (R. 247). The second is an assessment form dated what appears to be March of 2005 indicating "temporarily disabled" from May of 2004 until December 21, 2005.[2] (R. 394). Plaintiff contends a

---

[2] There is confusion in the record as to who the author of this assessment was as the printed name on the form is as

remand is necessary in this case because the ALJ rejected these opinions of temporary disability solely on the "unsubstantiated assertion" that the state welfare program has different requirements than the Social Security Act and its regulations.

The ALJ's assertion, however, is not unsubstantiated. The social security regulations expressly provide that disability determinations from governmental agencies or from other governmental agencies, based on <u>their</u> rules, are <u>not</u> binding on the Commissioner. <u>See</u> 20 C.F.R. §§404.1504 and 416.904. Rather, the Commissioner is to make disability determinations based on social security law. <u>Id</u>. Accordingly, it logically follows that an opinion from a treating source that an individual is disabled, or temporarily disabled, based on, for example, state welfare rules, is not binding on the issue of disability under different social security regulations.

Here, after applying the sequential evaluation process for determining disability under social security law, the ALJ concluded that plaintiff does not meet the disability standards of the Social Security Act. This finding is supported by substantial evidence in the record.

First, disability under the Act requires the inability to engage in substantial gainful activity by reason of an impairment

---

illegible as the author's signature. Although the assessment is included with a letter from Dr. Burke, the address and phone number appear to be those of Dr. Lukacs. In any event, plaintiff's argument that the ALJ failed to consider this assessment is belied by the record, as the ALJ's decision clearly addresses the assessment and found it to . (R. 29)

"which can be expected to last for a <u>continuous</u> period of at least twelve months." 42 U.S.C. §423(d)(1)(A) (emphasis added). At least as to Dr. Molter's assessment, plaintiff did not meet this standard, as Dr. Molter indicated plaintiff would be temporarily disabled for a period of less than twelve months, thus refuting plaintiff's contention that the standards are the same even if plaintiff did meet the definition of disability under the state welfare standards.

Additionally, under the regulations, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including plaintiff's progress notes, medical records of all physicians, and plaintiff's own testimony and statements, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing <u>any</u> substantial gainful activity. Thus, the ALJ did not error in not accepting the conclusions that plaintiff was temporarily disabled.

Finally, the opinions of Dr. Molter and Dr. Lukacs indicating that plaintiff was "temporarily disabled" are inconsistent with the clinical and objective medical evidence of record. The clinical and objective medical findings aptly are summarized by the ALJ in his decision and need not be reiterated here. (R. 27-29). Thus, because the opinions of "temporary disability" are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, the ALJ did not err

in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                        s/Gustave Diamond
                                        Gustave Diamond
                                        United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA  15901